**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BUFFETS HOLDINGS, INC.,<br>a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br>Jointly Administered<br><br>Case No 08-10141 |
| Delmarva Power & Light Company, Potomac Electric Power Company, Atlantic City Electric Company, Florida Power & Light Company, and Sacramento Municipal Utilities District,<br><br>Appellants,<br><br>v.<br><br>Buffet Holdings, Inc.,<br><br>Appellees. | Case No. 1:08-cv-00188-SLR |

MOTION FOR RELIEF FROM ORDER OF MEDIATION AND FOR EXPEDITED CONSIDERATION OF APPEAL

Appellants, Delmarva Power & Light Company, Potomac Electric Power Company (together Pepco Holdings Inc. or "PHI"), Florida Power & Light Company ("FPL") and Sacramento Municipal Utility District move the Court under the circumstances of this appeal to grant relief from the application of the Order requiring mediation and, for the reasons set forth below, permit appellants to submit their arguments for decision by the Court. In the event the Court determines that mediation must continue and be completed, appellants request in the alternative (1) that the Court order briefing to commence immediately and proceed in an expedited manner simultaneously with the mediation and (2) that the appellants' representatives having settlement authority be permitted to appear telephonically at the mediation on August 13,

2008 and not be required to bear the expense of traveling to Delaware to appear in person at the mediator's office.[1] Counsel of record would appear in person. On information and belief, the debtor in possession appellee is opposed to the relief requested here. In support of their Motion, the appellants state as follows:

1. In this appeal Debtors insist that mediation is necessary because it may lead to a resolution of the dispute with the appellants. For PHI at least, this is not possible. PHI seeks an appellate ruling on the legal issues it raises in this appeal. As indicated in the declaration attached as Exhibit A, PHI seeks a resolution on the record that vacates the relief below on the grounds that it was contrary to applicable law and rules. PHI is not interested in a monetary resolution without such a ruling. Therefore, it is difficult to conceive of how mediation could accomplish what PHI seeks here. Even if a resolution were possible short of a appellate ruling, PHI opposes any resolution that would require the terms to be kept confidential.

2. The delay imposed by requiring mediation in this case is also potentially prejudicial to appellants. Utility appeals of Section 366 issues in the past have been thwarted because the appeals have become subject to dismissal upon debtor's motion alleging that the matter has become moot due to the fact that the appellate court can no longer provide effective relief for the parties. Such motions have been prompted by (1) the debtors' termination of service due to the sale or closure of facilities served by the utility; (2) the confirmation of the debtor in possession's plan of reorganization or (3) the debtor/appellee's sudden decision before the appeal is decided to pay the deposit originally demanded by the utility. Despite utility

[1] In this case, the debtors have insisted, and the mediator has directed, that appellants must appear in person at the mediation in Wilmington. This is fundamentally unfair to parties that will have to travel from California and Florida, particularly given the nature of the issues before the Court. Sacramento Municipal Utility District has already advised the undersigned that it will not able to shoulder the expense of traveling to Wilmington for the mediation but will be able to participate in the mediation telephonically. Florida Power & Light and PHI have advised that unless otherwise excused by the Court, they will send a representative to the mediation in Wilmington on August 13th.

arguments that these appeals are not moot (because the relief granted against them is capable of repetition and yet evades review), many appellate courts have not thus far been receptive to such utility arguments.  In this case, appellants filed their notice of appeal on March 20, 2008, but no mediation has occurred to date.  Despite repeated requests from the appellants that any mediation be expedited for the very reasons identified herein, the mediation in this case was not scheduled until August 13, 2008.  The unexplained slow pace of the mediation here followed by the normal briefing schedule to this Court could well push consideration of the appeal into the winter and result in yet another motion to dismiss by the appellee.

   3.  The orders from which the utilities appeal in this case impose the kind of relief entered routinely in large chapter 11 cases in this District and to which appellants have consistently objected.  In case after case, and with uncanny consistency, the motions filed by debtors and the objections lodged by utilities in these proceedings are nearly identical.  Yet no appellate decisions reviewing bankruptcy court rulings under BAPCPA occur.  As the attached PHI declaration makes clear, this is true typically because the objecting utilities' deposit demands are either paid by debtors after all non-objecting utilities have become bound by the bankruptcy court's order or, if the objections are litigated (as here), the debtors ultimately succeed in moving on the grounds of mootness to dismiss the appeal before an appellate decision is rendered.  In some cases, the debtor/appellee has sought to end the appeal by just paying the deposit originally demanded by the utility.  In such situations, however, the complexity and cost of mediation is hardly necessary if a simple agreement on the record to pay the requested deposit is proposed.  The parties would at least know at that point if a resolution of the appeal is acceptable to the utility.

   4. The deficiencies in the adequate assurance motions filed by debtors in possession

(including this one) are fundamentally obvious from the utilities' perspective and will not be better understood by negotiations. As appellee is well aware, the utility position is that such debtor in possession motions routinely seek emergency relief under Section 366 of the Bankruptcy Code without notice to utilities; begin contested matters but fail to serve moving papers in accordance with Bankruptcy Rules 7004 and 9014; request the bankruptcy court to enjoin utilities without filing an adversary proceeding under B.R. 7001; and request the bankruptcy court to impose "procedures" and authorize forms of adequate assurance that are contrary to state law tariffs and the express requirements of Section 366(c).

5. There can be little dispute that the Bankruptcy Court in Delaware as a matter of course grants the relief described above and overrules repeated utility objections. To see these results, one only has to review the dockets of the scores of cases filed since the amendments to Section 366 contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Many of these cases filed nationally during 2005 and 2006 are listed in the PHI declaration. Moreover, many additional cases filed in Delaware alone in 2007 and 2008 are identified on the attached Exhibit B (including several where appellee's counsel in this case sought nearly identical relief to the relief under review on this appeal).[2] Thus, while there is significant disagreement between the parties over the merits of the Section 366 relief sought by debtors in bankruptcy court, all participants would surely agree at least that such requested relief has been sought as a matter of course in this District since 2005.

6. From appellants' perspective, the goal of 28 U.S.C. 158 is to permit meaningful review on the merits of bankruptcy court orders that create legitimate disputes over the

[2] Indeed in *Diamond Glass, Inc. et al.* (08-10601), counsel's Motion for adequate assurance at paras. 39 and 40 cites specifically to the Bankruptcy Court's unreported decision below in this case, even quoting from the transcript of the hearing in this case, as well as several other unreported cases in this District, as authority for propriety and similarity of the relief requested under Section 366.

interpretation of applicable law. No issue in bankruptcy causes more consternation and expense for utilities than their persistent challenges to bankruptcy court rulings under Section 366 of the Bankruptcy Code. Consequently, the utilities believe that such disputes are not appropriate for mediation, at least where the mediation could be responsible for further delay and expense that is prejudicial to the utility's appeal.

        Respectfully submitted,

        /s/William Douglas White
        William Douglas White
        Kevin R. McCarthy
        MCCARTHY & WHITE, PLLC
        8180 Greensboro Drive, Suite 875
        McLean, Virginia 22102
        Tel: (703) 770-9265

        /s/Michael P. Morton
        Michael P. Morton
        Michael P. Morton P.A.
        1209 North Orange
        Wilmington DE
        (302) 426-1313
        Attorneys for Delmarva Power & Light Company, Potomac Electric Power Company, Atlantic City Electric Company, Florida Power & Light Company, and Sacramento Municipal Utilities District

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BUFFETS HOLDINGS, INC.,<br>a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br>Jointly Administered<br><br>Case No 08-10141 |
| Delmarva Power & Light Company, Potomac Electric Power Company, Atlantic City Electric Company, Florida Power & Light Company, Gexa Energy, and Sacramento Municipal Utilities District,<br><br>Appellants,<br><br>v.<br><br>Buffet Holdings, Inc.,<br><br>Appellees. | Case No. 1:08-cv-00188-SLR |

**DECLARATION IN SUPPORT OF APPELLANTS' MOTION FOR RELIEF FROM ORDER OF MEDIATION**

Charles Dickerson declares as follows:

1. I am the Vice President of Customer Care for Pepco Holdings, Inc. ("PHI"), parent company of Delmarva Power & Light Company ("Delmarva"), Potomac Electric Power Company ("Pepco"), and Atlantic City Electric Company ("ACE"). PHI provides electric and natural gas service to over 1.8 million customers in the states of New Jersey, Delaware, and Maryland and the District of Columbia.

2. As of the bankruptcy filing, the Debtors had a total of five (5) gas and electric accounts with Delmarva, Pepco and ACE for facilities located in the States of Delaware,

Maryland, and New Jersey. Below is a listing of those five accounts, their service locations, account numbers and the deposit initially requested on each account:

| Service Provider | Service Location | Pre-Petition Account Number | Deposit Requested |
|---|---|---|---|
| Delmarva Power & Light Company (gas) | Hometown Buffet, Inc. #0794 1325 Churchmans Road Newark, DE | #2663967-9998 | Included below |
| Delmarva Power & Light Company (electric) | Hometown Buffet, Inc. 1325 Churchmans Rd. Newark, DE | #2663967-9999 | $25,300.00 |
| Pepco (electric) | Old Country Buffet, 3443 Donnell Dr. Forestville, MD | #3010-7108-08 | $16,400.00 |
| Pepco (electric) | Buffet Inc T/A Old Country Buffett#0271 240 N. Frederick Ave. Gaithersberg, MD | #2011-2228-13 | $11,800.00 |
| Atlantic City Electric (electric) | Buffet Inc.#0266 500 Consumer Sq. B-27D Mays Landing, NJ | #1329417-9999 | $14,000.00 |
| **TOTAL** | | | **$67,500.00** |

3. Following the filing of the Debtors' bankruptcy petitions and entry of the utility orders at issue in this appeal, Delmarva, Pepco and ACE continued to provide service to the above customer as debtor-in-possession under each of the existing accounts.

4. Delmarva, Pepco and ACE actively manage electric service accounts for customers that have sought bankruptcy protection in Chapter 11. Delmarva, Pepco, and ACE have actively participated in court proceedings to protect their rights as utilities under the Bankruptcy Code.

5. Attached is a list of several Chapter 11 cases filed since the effective date of

the amendments to Section 366 of the Bankruptcy Code (BAPCPA). The dockets of these cases will show with overwhelming consistency that certain practices and identical disputes continue in the administration of utility matters in Chapter 11 bankruptcy cases.

6. These practices include: (i) interim utility orders entered without notice to the utilities and sent to utilities at P.O. boxes or payment addresses rather than to the attention of an officer or specific individual at the affected utility; (ii) entry of interim orders which prohibit utilities from receiving, within 30 days, a deposit or other security in an amount that is satisfactory to the utility; (iii) entry of interim and final orders which impose procedures upon utilities that are inconsistent with the Bankruptcy Code and state tariffs; and (iv) entry of interim and final orders that impose injunctive relief against the utilities.

7. Delmarva, Pepco, and ACE have provided service to debtors, and participated as a creditor, in many of these Chapter 11 cases and have objected in such cases to the debtors' requests for the entry of orders under Section 366 of the Bankruptcy Code. The objections Delmarva, Pepco, and ACE have raised in those cases are remarkably similar to the objections Delmarva, Pepco and ACE raised to the orders that we have appealed in this case. With certain exceptions, while the customers and account numbers change from case to case, the orders, the motions and the professionals who file them are constantly repeating. For instance, Debtors' counsel in this appeal was also counsel in *In re Diamond Glass, Inc.* (08-10601) and filed nearly identical or substantially similar motions against the utilities.

8. In cases where the bankruptcy courts have made adverse rulings against utilities, utilities have had great difficulty in obtaining appellate review of those rulings due to the passage of time that enables debtors to request dismissals of the appeals on the grounds that they have become moot due to the debtors' sale of the locations where utility services are provided or the

confirmation of debtors' reorganization plan. Despite PHI's consistent arguments on appeal that the issues are not moot because they are capable of repetition, the appellate courts have tended to hold that the cases have become moot.

9. Thus, the passage of time without consideration of the merits is prejudicial to PHI in this case. The inclusion of mandatory mediation in the appeal process is further prejudicial to PHI. While PHI fully supports the concept of confidential mediation in cases where a party's grievance is subject to resolution, in cases where such resolution is impossible, as it is here for PHI, the continued application of mandatory mediation can act as a roadblock to the right to appeal. Mediation cannot resolve the issues of law that PHI presents here on appeal. If those issues of law are not promptly subject to appellate review, the errors will just be repeated in the next case. Further, the confidentiality of mediation serves the same purpose; to clean the slate and start the parties back over again to the beginning of the cycle.

10. Time and again PHI has objected to the type of utility orders entered in this case. Despite PHI's consistent efforts at the bankruptcy court level to address the issues now on appeal, the application of section 366 of the Bankruptcy Code in the majority of cases in which PHI has been involved has escaped scrutiny or the opportunity for appellate review. It has been our experience that often one or more utilities will object to a debtor's utility motion and/or orders but that immediately prior to the hearing on the utility objection (and after the utility has put forth the time and effort of objecting), the debtor will provide the utility that filed the objection with the requested deposit. When this happens, it of course may resolve the adequate assurance problem with that utility, but it requires utilities over and over to expend tens of thousands of dollars in legal fees in each sizable case when the issues raised are precisely the same as the prior cases.

11. It also renders impossible any higher court review on the procedural issues raised in the objection filed by that utility. This process contributes to the difficulty in having any meaningful review of the legal issues raised by the debtor's utility motion and any order entered pursuant to the motion. If a Chapter 11 customer has one hundred (100) utilities and only two (2) of those utilities object, it is not difficult to see that paying the requested deposits to those two (2) utilities at the beginning of the hearing will allow the debtor to economically obtain the unopposed entry of its proposed utility order. This process cycles over and over for each case.

12. It is extremely costly for PHI's utilities to continually object to the same utility motions filed in Chapter 11 cases in order to preserve their state and federal rights. The legal fees necessary to file an objection, negotiate the issues, and attend a hearing will often exceed ten thousand dollars ($ 10,000) per case and can quickly exceed the amount of the deposit at issue. Failure to obtain appellate direction with respect to 366 issues will continue to result in unnecessary costs to PHI and will allow debtors to continue to avoid appellate resolution of the issues raised here. It would be fundamentally unfair to impose restrictions on appeals that have the effect of closing off the avenue of relief that PHI seeks from the consistently adverse rulings of the bankruptcy courts.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:

Charles Dickerson
Vice President – Customer Care
Pepco Holdings, Inc.
701 Ninth St., N.W.
Washington, DC 20068

SECTION 366 MOTIONS FILED SINCE OCTOBER 17, 2005

I. FIRST CIRCUIT

II. SECOND CIRCUIT

A. *In re Anvil Knitwear, Inc.*, Case No. 06-12345 (S.D.N.Y.)
B. *In re Calpine Corporation*, Case No. 05-60200 (S.D.N.Y.)
C *In re Dana Corporation*, Case No. 06-10354 (S.D.N.Y.)
D. *In re G+G Retail, Inc.*, Case No. 06-10152 (S.D.N.Y.)
E. *In re Oneida, Ltd.*, Case No. 06-10489 (S.D.N.Y.)
F. *In re Portrait Corporation of America, Inc.*, Case No. 06-22541 (S.D.N.Y.)
G. *In re Silicon Graphics, Inc.*, Case No. 06-10977 (S.D.N.Y.)

III THIRD CIRCUIT

Delaware

A. *In re Flyi, Inc.*, Case No. 05-20011 (D. Del.)
B. *In re American Remanufacturers, Inc.*, Case No. 05-20022 (D. Del.)
C. *In re Copelands' Enterprises, Inc.*, Case No. 06-10853 (D. Del.)
D. *In re Global Home Products, LLC, et. al.*, Case No. 06-10340 (D. Del.)
E. *In re Global Power Equipment Group, Inc., et. al.*, Case No. 06-11045 (D. Del.)
F. *In re Neoplan USA Corporation*, Case No. 06-10872 (D. Del.)
G. *In re Pliant Corporation*, Case No. 06-10001 (D. Del.)
H. *In re Premium Papers Holder, LLC et. al.*, Case No. 06-10269 (D. Del.)
I. *In re Radnor Holdings Corporation*, Case No. 06-10894 (D. Del.)
J. *In re Three A's Holdings, L.L.C.* (Tower Records), Case No. 06-10886 (D. Del.)
K. *In re Easy Gardener Products LTD.*, Case No. 06-10396 (D. Del.)
L. *In re Inland Fiber Group, LLC*, Case No. 06-10884 (D. Del.)
M. *In re J.L. French Automotive Castings, Inc.*, Case No. 06-10119 (D. Del.)
N. *In re World Health Alternatives, Inc.*, Case No. 06-10166 (D. Del.)
O. *In re Werner Holding Co., Inc.*, Case No. 06-10578 (D. Del.)

New Jersey

A. *In re Best Manufacturing Group, LLC*, Case Nos. 06-17415 through 0617417, 06-17420 and 06-17422 (D.N.J.)
B. *In re 1945 Route 23 Associates, Inc. and R & S Parts and Service, Inc.*, Case No. 06-17474 (D.N.J.)
C. *In re Treasure Island, Inc.*, Case. No. 06-10416 (D.N.J.)
D. *In re Cullman Industries, Inc.*, Case No. 05-60002 (D.N.J.)

## IV. FOURTH CIRCUIT

Maryland

*A.* *In re Mastercraft Interiors, Ltd., Kimels of Rockville, Inc.*, Case Nos. 06-12769 and 12770 (D.Md.)

Virginia

*A.* *In re MCC Limited Partnership, The Lexington Group, Inc.*, Case Nos. 06-30101, 06-30104 (E.D.Va.)
*B.* *In re Tyringham Holdings, Inc.*, Case No. 06-32385 (E.D.Va.)
*C.* *In re The Rowe Companies*, Case No. 06-11142 (E.D. of Va.)

## V. FIFTH CIRCUIT

*A.* *In re Romacorp, Inc.*, Case No. 05-86818 (N.D.Tex.)
*B.* *In re Brook May Music Company*, Case No. 06-32816-11 (N.D.Tex.)
C. *In re Integrated Electrical Services, Inc.* Case No. 06-30602 (N.D.Tex.)
D. *In re Communications Corporation of America*, Case No. 06-50410 (W.D.La.)

## VI. SIXTH CIRCUIT

Michigan

*A.* *In the Matter of Engineered Plastic Products, Inc.*, Case No. 06-42714 (E.D.Mich.)
*B.* *In re Trans-Industries, Inc., eta.*, Case No. 06-43993 (E.D.Mich.)
*C.* *In re Steel Parts Corporation*, Case No. 06-52972 (E.D.Mich.)

Ohio

*A.* *In re Aerotech Mechanical Contractors, Inc.*, Case No. 06-40955 (N.D.Ohio)
*B.* *In re CEP Holdings, LLC, et. al*, Case No. 06-51848
*C.* *In re Republic Storage Systems Company*, Case No. 06-60316 (N.D.Ohio)
*D.* *In re Stark Ceramics, Inc.*, Case No. 06-61101 (N.D.Ohio)
*E.* *In re Procare Automotive Service Solutions LLC*, Case No. 06-10605 (N.D. Ohio)

## VII. SEVENTH CIRCUIT

*A.* *In re Ameast Automotive of Indiana, Inc.*, Case No. 05-33322 (S.D.Ind.)
*B.* *In re Bronco Hazelton Co.*, Case No. 06-70378 (S.D.Ind.)
*C.* *In re McLeodUSA Incorporated*, Case No. 05-63229 (N.D.Ill.)

VIII. EIGHTH CIRCUIT

Minnesota

*A.* *In re 2nd Swing, Inc.*, Case No. 06-41759 (D. Minn.)

Missouri

*A.* *In re Weld Wheel Industries, Inc., et. al,* Case No. 06-42105 (W.D.Missouri)

IX. NINTH CIRCUIT

A. *In re APX Holdings, LLC,* Case No. 06-10875 (C.D.Ca.)

X. TENTH CIRCUIT

XI. ELEVENTH CIRCUIT

A. *In re Sylvest Farms, Inc.*, Case No. 06-40525 (N.D. Ala.)

# Delaware Cases Seeking Relief Against Utilities
# June, 2007 – June, 2008

| | |
|---|---|
| Diamond Glass Inc. | 08-10601 |
| Buffets Holdings Inc. | 08-10141 |
| Wickes Holding | 08-10212 |
| Friedman's | 08-10161 |
| Idleaire | 08-10960 |
| JHT Holdings, Inc. | 08-11267 |
| Whitehall Jewelers Holdings | 08-11261 |
| Goodys Family Holdings | 08-11153 |
| Charys Holding Co. | 08-10289 |
| Domain Inc. | 08-10132 |
| Sharper Image | 08-10322 |
| Syntax-Brillian Corp. | 08-11407 |
| Holley Performance Products, Inc. | 08-10256 |
| Synova Health Group Inc. | 07-11893 |
| Aegis Mortgage Corporation | 07-11119 |
| SCO Group Inc. | 07-11337 |
| Amp'd Mobile Inc. | 07-10739 |
| Tweeter Home Entertainment Group | 07-10787 |
| Fitness Company Holdings Group | 07-10936 |
| American Home Mortgage | 07-11047 |
| Fedders Corp. | 07-11182 |

Case 1:08-cv-00188-SLR    Document 7-3    Filed 07/24/2008    Page 2 of 2


